IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH GOETZ,

                Plaintiff,                          ORDER

v.

                                                09-cv-670-wmc

ALLOUEZ MARINE SUPPLY, INC.,

                Defendant and
                Third-Party Plaintiff,

v.

KEY LAKES, INC., f/d/b/a GREAT LAKES
FLEET AND KEYSTONE SHIPPING
COMPANY,

                Third-Party Defendant and Cross-claim Plaintiff,

and

AAMSTRAND ROPES AND TWINES, INC.,

                Third-Party and Cross-claim Defendant.

---

      Plaintiff Kenneth Goetz was injured when a rope broke as Goetz was being lowered over the side of the Gott, a ship owned by his employer Key Lakes, Inc. Allouez Marine Supply, Inc. was alleged to have sold the rope at issue to Key Lakes. Goetz, Allouez and Key Lakes have reached a settlement agreement in this case, whereby Allouez agrees to pay Goetz $1,500,000 and Key Lakes $500,000 in return for a release of all claims by Goetz and Key Lakes. The draft releases are attached to this order.

Pursuant to an earlier settlement agreement, Goetz agreed to release and forever discharge Key Lakes of liability for the accident. In return, Key Lakes agreed to pay Goetz $1,065,904 at the time of settlement, and also agreed to make ongoing monthly payments of $4,000 and $1,000 for life, the latter compounding at 5% annually. The parties represent that Key Lakes has offered Goetz medical insurance for the remainder of his life and that Goetz intends to utilize the insurance. Key Lakes also paid Goetz maintenance and cure, which has covered medical costs related to the injury.

Given the uncertainty as to whether the Medicare Secondary Payer Act applies to future medical expenses which are not "reasonably expected to be made," the court directs the Centers for Medicare and Medicaid Services, Medicare-Coordinator of Benefits Contractor, and Medicare Secondary Payer Recovery Contractor to advise whether they assert any claim to the settlement funds now or in the future NO LATER THAN JANUARY 31, 2011.

Barring a response on or before that date, the court will enter an order discharging Allouez Marine Supply, Inc., Auto-Owners Insurance Company, Kenneth Goetz, Key Lakes, Inc., and their counsel and other representatives from all obligations, claims, demands, actions or rights of action, now existing or which may hereafter arise out of, in consequence of, or relating to the Medicare Secondary Payor Act, 42 U.S.C. § 1395y(b), in connection with this settlement agreement, or any obligation of any kind to establish or fund a Medicare Set-Aside Trust or otherwise reimburse the United States Government for past, present, or current payments made pursuant to Medicare or Medicaid.

Allouez Marine Supply, Inc. is directed to serve this order promptly on the Centers for Medicare and Medicaid Services, Medicare-Coordinator of Benefits Contractor, and Medicare Secondary Payer Recovery Contractor in person, by mail and by e-mail.

Entered this 20th day of December, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge